# McClintock's Appeal.

A claim on an estate, valid at the death of the owner, constitutes a lien upon the realty for a period of five years from his death and is entitled to be satisfied out of the proceeds of a sale thereof within that time.

(Decided November 9, 1885.)

Appeal from a decree of the Orphans' Court of Allegheny County. Affirmed.

Jonas R. McClintock died November 25, 1879, appointing Rachel B. McClintock his executrix. During the settlement of the estate, R. E. Stewart, administrator of James Kelly, presented for payment a promissory note for $710, signed by McClintock in favor of Kelly, and dated April 15, 1875. Mrs. McClintock resisted payment of this demand, upon the ground that it was more than eight years overdue, and, hence, barred by the statute of limitations.

By decree entered December 12, 1884, the court allowed the claim, and the executrix appealed.

*George W. Guthrie* for appellant.

*R. E. Stewart,* appellee, in person.

PER CURIAM:

This is a case of a distribution by the orphans' court, of the proceeds of real estate of the decedent sold by the executor. The claim was not barred by the statute of limitations at the time of the death of the testator. By his death it became a lien on all the real estate of which he died seised. It so continued for a period of five years from his death. In Pennsylvania, lands are assets for the payment of debts. On a sale of lands on which this claim was a lien, it was clearly entitled to be paid out of the proceeds.

Cited in Chapman's Appeal, 122 Pa. 341, 15 Atl. 460, and in the opinion of the lower court in this case,—3 Pa. Co. Ct. 535.

NOTE.—The decision in this case comes within the ruling of York's Appeal, 110 Pa. 69, 1 Atl. 162, 2 Atl. 65. A discussion of it in relation to the latter case is found in Chapman's Appeal, 122 Pa. 341, 15 Atl. 460.

Decree affirmed and appeal dismissed, at the costs of the appellant.